David D. Barnhorn, Esq.
ROMERO LAW GROUP PLLC
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588
Email: dbarnhorn@romerolawny.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
RICARDO A. PAYAMPS PENA, on behalf of himself,
individually, and all other persons similarly situated,

        **COMPLAINT**

        Plaintiff,

        -against-        *Collective and Class Action*

MAZZILLI MASONRY LLC d/b/a MAZZILLI MASON
CONTRACTORS LLC and JOHN MAZZILLI,        *Jury Trial Demanded*

        Defendants.
-----------------------------------------------------------------------X

      Plaintiff, Ricardo A. Payamps Pena ("Plaintiff" or "Romero"), on behalf of himself,
individually, and on behalf of all others similarly-situated, by and through his attorneys, the
Romero Law Group PLLC, as and for his Complaint against Mazzilli Masonry LLC d/b/a Mazzilli
Mason Contractors LLC and John Mazzilli (collectively as "Defendants" or "Mazilli Masonry"),
allege upon knowledge as to himself and his own actions and upon information and belief as to all
other matters as follows:

## NATURE OF CASE

      1.      This is a civil action for damages and equitable relief based upon willful violations
that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime
provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (ii) the overtime
provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*; (iii)

the full payment provision of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.2; and any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NJWHL and NJWPL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

3.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NJWHL and NJWPL and any supporting regulations.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey state law.

5.      Alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

6.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1) as the Defendants are residents of New Jersey and the District of New Jersey.

## PARTIES

7.      Plaintiff is and was a resident of New York.

8.      At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, NJWHL, and NJWPL.

9.      At all relevant times, Defendant Mazzilli Masonry LLC d/b/a Mazzilli Mason Contractors LLC was and is a domestic limited liability corporation with its principal place of business located at 535 South Avenue, Garwood, New Jersey 07027.

10.      At all relevant times, Defendant Mazzilli Masonry LLC was an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

11.      At all relevant times, Defendant Mazzilli Masonry LLC was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, equipment, machinery, ladders, fuel for vehicles, vehicles, concrete, masonry supplies, concrete, cement, staining supplies, cleaning supplies, office supplies, receipt papers, pens, paper, and other materials, all or many of which undoubtably traveled in interstate commerce, and accepted payments and other moneys that originated from outside of New Jersey.

12.      Defendant John Mazzilli is and was a resident of New Jersey.

13.      At all relevant times, Defendant John Mazzilli is and was a member, owner and/or officer of the corporate defendant and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and all other employees and determining what wages were paid to Plaintiff and all other employees, scheduling and hours worked, directly communicating scheduled hours with Plaintiff and other employees, had the power to hire, fire

and discipline employees and approve all personnel decisions, including the decision to terminate Plaintiff's employment, was responsible for maintaining personnel records relating to the employment of Plaintiff and all other employees, and is liable to Plaintiff as an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

## STATEMENT OF FACTS

14.    Defendants are a company and its owner that operate a business that provides masonry and concrete construction, repair and restoration services, including installation of patios and pavers, to residential and commercial customers in New Jersey.

15.    Defendants employed Plaintiff as a manual laborer from in or about 2020 through in or about October 2023.

16.    Throughout his employment, Plaintiff's duties primarily consisted of performing construction work, including, but not limited to, mixing cement, lifting and carrying blocks and materials, removing dirt, and cleaning machinery and tools, among other laborer tasks required by a project.

17.    Throughout his employment, Plaintiff regularly worked six to seven days per week on Monday through Friday from 7:00 a.m. until between 5:00 p.m. until 7:00 p.m., and sometimes even later, including as late as midnight on certain occasions.  During most workweeks, Plaintiff worked on Saturday from 8:00 a.m. until between 3:00 p.m. until 6:00 p.m., and sometimes even later.

18.    Accordingly, throughout his employment, Defendants required Plaintiff to work, Plaintiff did regularly work, more than forty hours during his workweeks.

19.    During in or about 2020 through in or about 2021, Defendants paid Plaintiff a fixed daily rate of pay of $150.00, regardless of his number of hours worked.

20.     During in or about 2022 through the end of his employment in or about October 2023, Defendants paid Plaintiff a regular, hourly rate of pay for all hours that he worked, regardless of his number of hours worked.

21.     As such, during in or about 2022 through the end of his employment in or about October 2023, Defendants paid Plaintiff at his straight-time, hourly rate of pay for all hours that he worked, including his hours worked in excess of forty hours during a single workweek.

22.     Thus, throughout his employment, Defendants did not pay Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay or the minimum wage, whichever is greater, for any hours that he worked in excess of forty during each workweek, in violation of the FLSA, NJWHL, and NJWPL.

23.     Throughout his employment, Defendants paid Plaintiff a combination of check and cash.

24.     Throughout his employment, Defendants did not accurately record Plaintiff's hours worked during each workweek.

25.     By way of example only, throughout his employment, Defendants commonly required Plaintiff to work hours and entire workdays off the clock, thereby falsely obscuring the number of hours worked by Plaintiff during many of his workdays and workweeks.

26.     Throughout his employment, Defendants issued Plaintiff checks for only a portion of his hours worked and paid his remaining hours worked in cash.  As such, Defendant provided Plaintiff with wage statements that did not accurately reflect the number of hours truly worked by Plaintiff during each workweek.  This practice also created a false record in Defendants' own records of Plaintiff's hours worked.

27.     Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and New Jersey law by failing to maintain accurate records of the hours worked by Plaintiff, the FLSA Collective Action Plaintiffs and Class Members, on a daily or weekly basis, and failing to pay them in accordance with their actual hours worked.

28.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NJWPL, N.J.S.A. § 34:11-4.6.

29.     Throughout the statutory period, Defendants' violations of federal and New Jersey law caused Plaintiff, the FLSA Collective Action Plaintiffs and Class Members to suffer the same or similar harms.

30.     Throughout the statutory period, Defendants treated and paid Plaintiff, the FLSA Collective Action Plaintiffs and Class Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

## COLLECTIVE ACTION ALLEGATIONS

31.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week.

32.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

33.    Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

34.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings the Second through Third Claims for Relief on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt manual laborer and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

36.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for Class Member may also be determinable from Defendants'

records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

37.    The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

38.    Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b)    Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(c)    Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and/or any other unpaid wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(d)    Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(e)     Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked and compensation received for the Plaintiff and Class Members;

(f)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(g)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

40.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

41.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

42.     Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

43.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that

numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

44. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

45. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (UNPAID OVERTIME UNDER THE FLSA)

46. Plaintiff and the FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

48.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Collective Action Plaintiffs are employees within the meaning of the FLSA.

49.     As also described above, Plaintiff and FLSA Collective Action Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Collective Action Plaintiffs in accordance with the FLSA's overtime provisions.

50.     Defendants willfully violated the FLSA.

51.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

52.     Based on the foregoing, Plaintiff and FLSA Collective Action Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

53.     Based on the foregoing, Plaintiff and FLSA Collective Action Plaintiffs are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the FLSA.

**SECOND CLAIM FOR RELIEF**
**(UNPAID OVERTIME UNDER THE NJWHL)**

54.     Plaintiff, FLSA Collective Action Plaintiffs and Class Members repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

56.     As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action worked for Defendants and are employees within the meaning of the NJWHL.

57.     As also described above, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

58.     Defendants willfully violated the NJWHL.

59.     Based on the foregoing, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

60.     Based on the foregoing, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest as permitted by law, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL.

### THIRD CLAIM FOR RELIEF
### (FAILURE TO PAY FULL AMOUNT OF WAGES UNDER THE NJWPL)

61.     Plaintiff, FLSA Collective Action Plaintiffs and Class Members repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.     NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

63.     As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action worked for Defendants and are employees within the meaning of the NJWPL.

64.    As also described above, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants paid Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action at either fixed daily rates of pay or straight-time, regular hourly wages for all hours worked, depending on the period of time; by neglecting to pay the overtime premium for all hours worked beyond forty per week, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action have not been paid the full amount of wages due to them.

65.    Defendants' actions were in willful violation of the NJWPL.

66.    Based on the foregoing, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

67.    Based on the foregoing, Plaintiff, Class Members, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest as permitted by law, and attorneys' fees for Defendants' violations of the NJWPL.

## DEMAND FOR A JURY TRIAL

68.    Pursuant to FRCP 38(b), Plaintiff, FLSA Collective Action Plaintiffs and Class Members demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and any FLSA Plaintiff who opts into this action demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned FLSA and New Jersey laws;

b.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Collective Action Plaintiffs and Class Members for participation in any form in this litigation;

c.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

d.    All damages that Plaintiff, FLSA Collective Action Plaintiffs, and Class Members have sustained as a result of the Defendants' conduct, including all unpaid overtime wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Collective Action Plaintiffs and Class Members would have received but for Defendants' unlawful payment practices;

e.    Liquidated damages as recoverable by applicable law;

f.    Reasonable attorneys' fees with respect to the prosecution of this action;

g.    Costs and disbursements incurred in connection with this action;

h.    Interest as permitted by law; and

i.    Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       September 26, 2024

ROMERO LAW GROUP PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By:   _____
      DAVID D. BARNHORN, ESQ.